In re: **GRAND JURY SUBPOENAS DATED JUNE 5, 2008.**

**John Doe, Defendant–Appellant,**

v.

**United States of America, Appellee.**

**No. 09–0162–cr.**

United States Court of Appeals, Second Circuit.

May 7, 2009.

Robin Wilcox, Kramer Levin Naftalis & Frankel LLP, New York, N.Y., for Appellant.

Michael S. Bosworth, Assistant United States Attorney (Elliott B. Jacobson and Andrew L. Fish, Assistant United States Attorneys, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, N.Y. for Appellee.

PRESENT: Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges and Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Defendant–Appellant John Doe appeals from a December 29, 2008 order of the United States District Court for the Southern District of New York (Robinson, *J.* ) denying his motion to quash two grand jury subpoenas. The district court found that the object of the subpoenas—a chronology of Doe's business dealings with a foreign country (the "chronology")—could not be shielded from production under the work product doctrine. We review a district court's ruling on a work product claim for abuse of discretion. *Horn & Hardart Co. v. Pillsbury Co.,* 888 F.2d 8, 12 (2d Cir.1989). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

It is undisputed that Doe was not represented by counsel at the time that he created the chronology; he was between lawyers as his previous counsel had been disqualified. The parties also agree that the chronology, if protected at all, is fact work product, meaning that the privilege can be overcome if the government shows that the grand jury has a "substantial need" for the chronology and that the government has "exhausted other means of obtaining the relevant information." *In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 185–86 (2d Cir.2007) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying Doe's motion to quash the subpoenas. After engaging in an appropriate analysis of our case law and of the applicable federal rules, *see* Fed.R.Civ.P. 26(b)(3); Fed. R.Crim.P. 16(b)(2)(A), the court determined that the chronology—while not necessarily produced *at the behest of* counsel—was produced in anticipation of litigation and therefore qualified as protected fact work product.

The district court was within its discretion in finding that Doe had waived the protection otherwise afforded work product by disclosing the chronology to his assistant, Jane Roe. Disclosure to Roe waived the privilege because Roe had first-

---

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

hand and independent knowledge of the facts at the center of the grand jury's investigation, she had separate representation from Doe, and her interests in the litigation were divergent from those of Doe. *See In re Grand Jury Proceedings,* 219 F.3d 175, 191 (2d Cir.2000); *In re Steinhardt Partners, L.P.,* 9 F.3d 230, 235 (2d Cir.1993).

Likewise, the district court did not abuse its discretion in finding that, even if waiver did not occur, the government had overcome the privilege by demonstrating substantial need and exhaustion of other avenues for the information. The information contained in the chronology would have helped the grand jury evaluate the events under investigation and assess Doe's involvement in those events. *See In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002,* 318 F.3d 379, 384 (2d Cir.2003). In addition, the information in the chronology would have been probative for purposes of the obstruction of justice investigation, potentially shedding light on Doe's motivations for disclosing the document to Roe. With regard to exhaustion, the government's inability to interview Doe, along with Roe's unfamiliarity with some of the underlying facts, limited the government's ability to obtain the information contained in the chronology. While Doe argues that Roe at least could have served as an alternate source of information on the facts with which she *was* familiar, we conclude that the district court did not abuse its discretion in failing to insist on this approach, which in any case would necessarily have produced incomplete information with respect to the relevant facts.

The judgment of the district court is AFFIRMED.